# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

---

In re:  LARRY P. SCHRANK  and                          Case No. 13-34295-GMH
        DAWN M. SCHRANK,                                (Chapter 7)

                        Debtors.

---

## UNITED STATES TRUSTEE'S MOTION TO DISMISS PURSUANT TO
## 11 U.S.C. § 707(b)(1) BASED ON 11 U.S.C. §§ 707(b)(2) and (3)

---

The United States Trustee, Patrick S. Layng, by Attorney Amy J. Ginsberg, moves to dismiss this case under 11 U.S.C. § 707(b)(1) based on the presumption of abuse and abuse under the totality of the Schranks' financial circumstances.  11 U.S.C. §§ 707(b)(2) and (3).  In support of this motion, the United States Trustee states:

## I.  SUMMARY OF THE MOTION

1.      According to their Means Test Form, the Schranks' gross annual income is $73,513, exceeding the $58,668 median income for a Wisconsin two-person household.  On their Means Test Form, they calculated that they did not have any monthly disposable income.  *See* Docket Entry #1.

2.      The United States Trustee contends that the Schranks made a meaningful error on their Means Test; they deducted $420.60 on Line 43, payments for secured claims necessary for the support of the debtors.  This payment is for an arrearage for a property that the Schranks surrendered and abandoned.  Once their Means Test is correct, and the Line 43 deduction is eliminated, the presumption of abuse arises.  *See* Exhibit 1.

Attorney Amy J. Ginsberg
Office of the United States Trustee
517 East Wisconsin Avenue, Suite 430
Milwaukee, WI  53202
Phone:  414-297-4499/Fax:  414-297-4478

3.    In considering the totality of the Schranks' financial circumstances, they could tighten their belts and pay their creditors. The United States Trustee requested copies of the Schranks' bank statements but, to date, they have not been provided.

4.    This case is an abuse of Chapter 7, either because it is presumptively abusive or under the totality of the Schranks' financial circumstances.

## II.  JURISDICTION AND PROCEDURAL HISTORY

5.    The Court has jurisdiction in this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). The United States Trustee consents to entry of a final order in this matter.

6.    On October 31, 2013, Larry and Dawn Schrank (the Schranks) commenced their bankruptcy case by voluntary petition under chapter 7 of the United States Bankruptcy Code.

7.    On Schedule B, the Schranks disclosed that they own a 2009 Kia Spectra, 2005 Ford F-150 and a 2001 Harley-Davidson motorcycle. Only the Harley-Davidson is unencumbered.

8.    On Schedule F, the Schranks disclosed that they have $48,000 in general unsecured debts. They did not disclose any priority debts on Schedule E.

9.    On Schedule I, the Schranks disclosed that Mr. Schrank is a truck driver and Mrs. Schrank is a student and works at Winnebago Community Credit Union.

10.   The United States Trustee has standing to file a motion under 11 U.S.C. § 707(b) if it finds that the granting of relief would be an abuse of the provisions of this chapter.

11.   Section 704(b)(1)(a) requires the United States Trustee to review all materials filed by a debtor and, not later than 10 days after the date of the first meeting of creditors, file with

2

the court a statement as to whether the debtor's case would be presumed to be an abuse under 11 U.S.C. § 707(b).

12. Trustee Larry H. Liebzeit conducted the initial § 341 meeting on December 4, 2013, and the United States Trustee filed its Statement of Presumed Abuse (the "10-day statement") on December 16, 2013.

13. On December 17, 2013, the United States Trustee requested copies of six months of the Schranks' bank statements.

14. This motion is filed within 30 days of the filing of the 10-day statement and is timely under 11 U.S.C. § 704(b)(2) and Rule 9006(a), Fed R. Bankr. P.

### III. LAW AND ARGUMENT
### Statutory Definition of Presumption of Abuse

15. Section 707(b)(1) provides that the court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of Chapter 7.

16. At the time of this filing, 11 U.S.C. § 707(b)(2)(A)(i) required the court to presume that a Chapter 7 filing is abusive when a debtor's current monthly income (CMI), reduced by amounts determined under § 707(b)(2)(A) (ii), (iii), and (iv), and multiplied by 60, is not less than the lesser of – (I) 25 percent of the nonpriority unsecured claims in the case, or $7,475, whichever is greater; or (II) $12,475.

17. Therefore, if a debtor's monthly net income is $207.91 or more (at least $12,475 to fund a 60-month plan), as calculated by Means Test, the filing is presumed abusive.

18. The United States Trustee contends that the Schranks' Means Test should be adjusted as follows:

3

| Line Number | Debtors' Means Test | UST's Objection | UST Proposed Allowance | Net Effect on Means Test |
|---|---|---|---|---|
| Line 43  1/60th Cure amount for claims secured by primary residence…necessary for the support of the debtor and dependents. | $420.60 | Property surrendered to creditor and abandoned.  Debtors living in different property. | $0.00 | +420.60 |
| **Net Effect on Disposable Income** | | | | $**420**.60 |

19.    So, when $420.60 is added to the monthly disposable income calculated by the Schranks, (-$5.04), they have $415.56 in monthly disposable income.

20.    Because the Schranks' monthly disposable income is $415.56 a month, the presumption of abuse arises. The Schranks have not filed a rebuttal to the United States Trustee's Statement of Presumed Abuse.

21.    Therefore, this case should be dismissed because it is presumptively abusive under Chapter 7.

**Totality of the Circumstances under 11 U.S.C. § 707(b)(3)(B)**

22.    In considering whether the granting of relief would be an abuse in a case in which the presumption of abuse does not arise or is rebutted, the court shall consider whether the debtors filed the petition in bad faith, or if the totality of the circumstances of the debtors' financial situation demonstrates abuse.  11 U.S.C. § 707(b)(3)(A) and (B).  In the instant matter, many factors weigh in favor of dismissal for abuse under 11 U.S.C. §707(b)(3).  These factors include:

a.    **Stable Source of Future Income**:  Mr. Schrank is a trucker and grosses $5,208 per month; Ms. Schrank grosses $1,037 per month working part-time for

4

Winnebago Community Credit Union. Ms. Schrank also receives partial unemployment of $615 per month. When annualized, their annual gross income is $82,320. According to Schedule I, Mr. Schrank withholds $1,608 each month for his tax obligations, netting $3,592. In 2012, he received a $5,466 Federal tax refund and a $722 Wisconsin refund, for a combined refund in the amount of $6,188. Assuming in 30% tax obligations, Mr. Schrank's net income should be increased by $360 per month to $3,952.

b. **Ability to Pay and Belt-tightening**. Schedule I discloses that Ms. Schrank will graduate from school and anticipates working full-time. On Schedule J, the Schranks disclose $240 for cell phones, $250 for cigarettes, $1,032 for meals on the road, $50 for granddaughter/gifts. Mr. Schrank could dispose of his Harley-Davison motorcycle and use the proceeds to pay his creditors.

23. Without the requested bank statements, the United States Trustee reserves the right to supplement this pleading after review of documents requested from the Schranks.

24. The Schranks' 2012 Federal and Wisconsin tax returns suggest that they are supporting Bradley Poratz. Upon information and belief, Poratz is over the age of 18 and the son of Ms. Schrank. Support of an adult where there is no legal obligation to do so is a factor weighing in favor of dismissal for abuse. *See In re Beckerman*, 381 B.R. 841, 851 (Bankr. E.D. Mich. 2008).

25. This case should be dismissed for abuse, either because it is presumptively abusive or is an abuse under the totality of circumstances.

5

WHEREFORE, the United States Trustee prays that the Court enter an order dismissing the case pursuant to 11 U.S.C. § 707(b)(1).

DATED: January 15, 2014.

Respectfully submitted,

PATRICK S. LAYNG
United States Trustee

_____

AMY J. GINSBERG
Attorney for the United States Trustee

6