# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

In re:                                                  Case No. 13-34295-GMH
    Larry P. Schrank and                          Chapter 7
    Dawn M. Schrank,
                    Debtors.

## OBJECTION TO UNITED STATES TRUSTEE'S MOTION TO DISMISS

NOW COME the Debtors, Larry P. Schrank and Dawn M. Schrank, by their attorneys, Steinhilber, Swanson, Mares, Marone & McDermott, by Attorney John W. Menn, and hereby object to the Motion to Dismiss filed by the United States Trustee. In support thereof, the Debtors state as follows:

1. The Debtors have filed an amended Means Test removing the item at Line 43, for the arrearage on the property to be surrendered. See Docket Item # 22.

2. Even with line 43 removed, the ultimate bottom line of the Debtors' Means Test is negative, when factoring out the income showing up from the Debtor's Worker's Compensation. Workers Comp showed up on line 10 as an $814.22 income item, based off of $860.34 received 6 months prior to filing and $4,025.00 received 5 months prior to filing. These payments are non-recurring and should not be considered part of the Debtor's income for purposes of the Means Test, under the decision *Hamilton v. Lanning*, 560 U.S. 505 (2010).

3. In addition to the Lanning adjustment, which would remove the non-recurring Workers Comp payment from the Means Test, the Debtor also has significant over-the-road expenses which are unreimbursed by his employer, and must be taken into account. This is described in the affidavit attached to the Amended Means Test as well. The Debtors

Drafted by:
John W. Menn
Steinhilber, Swanson, Mares, Marone & McDermott
107 Church Ave, PO Box 617
Oshkosh, WI 54903-0617
Tel: 920-235-6690 / Fax: 920-426-5530
jmenn@oshkoshlawyers.com

have provided bank statements to the United States Trustee, and are in the process of further explaining those statements, which may resolve the UST's objection short of an evidentiary hearing.

4. The totality of the circumstances outlined by the UST does not support dismissal. Mr. Schrank's income fluctuates depending on the miles he travels, and his significant over-the-road expenses cut into his gross income, as they are not reimbursed by his employer. Ms. Schrank was previously enrolled in school, but since filing the bankruptcy she has withdrawn from school and will not have the increased earning capacity that could have potentially come with earning her degree.

5. The Debtors no longer support Bradley Poratz, and therefore cannot take an additional deduction for him on their taxes, which in turn raises their tax liability.

6. The UST suggests that the Debtors should liquidate their Harley Davidson to pay creditors, but the Bankruptcy Code does not require exempt property to be liquidated. The whole point of providing debtors with exemptions is so that they *do not* have to liquidate all of their assets.

7. Based on the totality of the Debtor's circumstances (in particular, the Debtor's over-the-road expenses and the Lanning Adjustment removing the Workers Comp payments from the Means Test), the Debtors are well below the median income level for their family size, and should be entitled to a standard chapter 7 discharge.

WHEREFORE, the Debtors respectfully request the Court to set a hearing on this matter and to order:

1. That the Motion to Dismiss filed by the United States Trustee herein be denied;
2. For any other relief the Court deems just and appropriate.

Dated this February 24, 2014.

                STEINHILBER, SWANSON, MARES,
                MARONE & McDERMOTT

By:     /s/
       John W. Menn
       Attorney for Debtors
       107 Church Avenue, P.O. Box 617
       Oshkosh, WI 54903-0617
       Tel: (920) 426-0456; Fax: (920) 426-5530

Page 3
Case 13-34295-gmh    Doc 29    Filed 02/24/14    Page 3 of 4

In re:

Larry P. Schrank and
Dawn M. Schrank,

          Debtors.

Case No. 13-34295-GMH
Chapter 7

## CERTIFICATE OF SERVICE FOR
## OBJECTION TO UNITED STATES TRUSTEE'S MOTION TO DISMISS

STATE OF WISCONSIN   )
                                 )  SS
WINNEBAGO COUNTY    )

    Cynthia Krutke, being first duly sworn, on oath deposes and says that she is a legal assistant with Steinhilber, Swanson, Mares, Marone & McDermott, and that on February 24, 2014, she mailed a true copy of the Objection to Motion to Dismiss in the above matter, by regular mail, securely enclosed in an envelope with postage paid thereon, and addressed to the following:

Larry and Dawn Schrank
1016 W. 9th Ave.
Oshkosh, WI 54902

                                                                     */s/ Cynthia Krutke*
                                                                     Cynthia Krutke

Subscribed and sworn to before me
this February 24, 2014.

*/s/ Kathryn C. Strey*
Kathryn C. Strey, Notary Public
State of Wisconsin
My commission expires 3/22/2015